UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROSA TERREROS ARANA,

Plaintiff,

-against-

COMPANION LIFE INSURANCE COMPANY,
UNITED OF OMAHA LIFE INSURANCE COMPANY,
AND MUTUAL OF OMAHA INSURANCE COMPANY,

Defendants.

---

COMPANION LIFE INSURANCE COMPANY,

Counterclaim Plaintiff,

-against-

ROSA TERREROS ARANA,

Counterclaim Defendant.

---

Case: 7:25-cv-09966 (NSR)(JCM)

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information (“Confidential Information”). Information and documents designated by a party as confidential will be stamped “CONFIDENTIAL.”

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a. The requesting party and counsel, including in-house counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

5. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other

person; and

c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9. This matter may involve protected health information in the form of medical history of the alleged decedent, Pablo F. Aquije and/or of Plaintiff, Rosa Terreros Arana. As

such, this Order is meant to be a "qualified protective order" pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"), 45 C.F.R. § 164.512(e)(1), which governs the disclosure of Protected Health Information in the course of judicial proceedings. This Order applies to any and all records produced by a "covered entity" as defined by 45 C.F.R. §160.103, which has received a request or subpoena for medical or other records which include PHI as defined by 45 C.F.R. §160.103.

a. During the course of this Litigation, it may be necessary for "covered entities", the Parties, their attorneys or others to disclose medical, or other types of records, which contain PHI, as that term is defined under HIPAA and the Federal Regulations enacted pursuant to said Act.

b. All PHI disclosed by any "covered entity" or any of Aquije's or Plaintiff's healthcare providers shall be used for the sole purpose of preparing for or conducting this Litigation, including, but not limited to, investigation, consultation, discovery, depositions, trial preparation, trial, appeal, resolution, mediation or uses incidental to the proceedings in this case, and shall not be disclosed or revealed to anyone not authorized by this HIPAA Qualified Protective Order.

c. PHI produced pursuant to this HIPAA Qualified Protective Order may include, in addition to all other categories of PHI, information related to medical examinations, treatments, imaging, testing, behavioral and mental health services, and treatment for alcohol and drug abuse.

d. By this HIPAA Qualified Protective Order of this Court, any and all records containing PHI may be disclosed, subject to the notice requirements in the Federal Rules of Civil Procedure, by any "covered

entity" or healthcare provider, Party, or Party's attorneys, to:

i. The Parties themselves, the Parties' attorneys, experts, consultants, any witness or other person retained or called by the Parties, treating physicians, other healthcare providers, insurance carriers, or other entities from whom damages, compensation, or indemnity is sought, and any entity performing, monitoring, or adjusting activities on behalf of such insurance carrier or other entity and/or their employees, agents, or third-party administrators for any of the Parties involved in Litigation; in any proceeding for health oversight activities as permitted under 45 C.F.R. 164.512, court reporters, copy services, other similar vendors to the Parties and their attorneys, as well as the professional and support staff of all of the above.

ii. Prior to disclosing PHI to persons involved in this Litigation, counsel shall inform each such person that PHI may not be used or disclosed for any purpose other than this Litigation. Counsel shall take all other reasonable steps to ensure that persons receiving PHI do not use or disclose such information for any purpose other than this Litigation.

iii. Within sixty (60) days after dismissal of this Litigation or entry of final judgment not subject to further appeal, the Parties, and each entity governed by this HIPAA Qualified Protective Order shall either (a) destroy, or (b) return to the entity who originally produced it, all PHI, including copies made, provided, however, that said PHI

may be retained in the files of the entities listed in subparagraph (i) above and may be destroyed pursuant to their regular file retention policies rather than within sixty (60) days, so long as the PHI is maintained in a secure environment.

10. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions.

11. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed.

12. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

(*Signature Page to Follow*)

**SO STIPULATED AND AGREED.**

Dated: October 5, 2026
White Plains, New York

On behalf of Plaintiff,
Rosa Terreros Arana,

*/s/ Mark A. Rubeo*
Mark A. Rubeo, Jr., Esq.
Mark I. Reisman, Esq.
Sharman T. Propp, Esq.
Reisman Rubeo, LLP
151 Broadway
Hawthorne, New York 10532
(914) 485-3050
mrubeo@rrllplaw.com
mreisman@rrllplaw.com
sharmanpropp@gmail.com

On behalf of Defendants,
Companion Life Insurance Company, United of Omaha Life Insurance Company, and Mutual of Omaha Insurance Company

*/s/ Rachel E. Gerber*
Brendan P. Hall, Esq. (BH0322)
Cozen O'Connor P.C.
3 WTC, 175 Greenwich Street, 55th Floor
New York, New York 10007
(212) 453-3767
brendanhall@cozen.com

Michael D. Rafalko
Rachel E. Gerber
Cozen O'Connor P.C.
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103
(215) 665-4611
mrafalko@cozen.com
rgerber@cozen.com

Wendy N. Enerson, Esq.
Cozen O'Connor P.C.
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 382-3162
wenerson@cozen.com

SO ORDERED.

*10/6/2026*

JUDITH C. McCARTHY
United States Magistrate Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

ROSA TERREROS ARANA,

Plaintiff,

-against-

COMPANION LIFE INSURANCE COMPANY,
UNITED OF OMAHA LIFE INSURANCE COMPANY,
AND MUTUAL OF OMAHA INSURANCE COMPANY,

Defendants.

-----------------------------------------------------------------

COMPANION LIFE INSURANCE COMPANY,

Counterclaim Plaintiff,

-against-

ROSA TERREROS ARANA,

Counterclaim Defendant.

-----------------------------------------------------------------

Case: 7:25-cv-09966-NSR-JCM

**NON-DISCLOSURE AGREEMENT**

I,______________________________, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential. I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

(*Signature Page to Follow*)

Dated ___________________ , 20__

________________________________ ________________________________
Name (printed) Signature

Signed in the presence of:

___________________________________
(Attorney)